UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 20-1941-VAP (KK)** | Date: | March 4, 2020 |

Title: *Tracye Benard Washington v. Stu Sherman, Warden*

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause Why this Action Should Not Be Summarily Dismissed for Failure to State a Cognizable Habeas Claim

## I.
## INTRODUCTION

On February 22, 2020, Petitioner Tracye Benard Washington ("Petitioner"), an inmate at Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. See Dkt. 1, Pet. Petitioner argues his due process rights have been violated by the continued delay of his parole hearing to which he claims entitlement pursuant to Proposition 57.[2] Id. As discussed below, the Court orders Petitioner to show cause why the Petition should not be summarily dismissed for failure to state a cognizable habeas claim.

///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[2] Proposition 57, The Public Safety and Rehabilitation Act of 2016, added a provision to California's Constitution stating: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const., art. I, § 32(a)(1).

# II.
# DISCUSSION

## A. Applicable Law

A district court may entertain a petition for writ of habeas corpus filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." (citations omitted)). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in" an action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). Muhammad v. Close, 540 U.S. 749, 750, 124 S. Ct. 1303, 158 L. Ed. 2d 32 (2004) (citations omitted). Thus, "when a prisoner's claim would not necessarily spell speedier release, that claim does not lie at the core of habeas corpus and may be brought, if at all, under § 1983." Skinner v. Switzer, 562 U.S. 521, 535 n.13, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011) (citations and internal quotation marks omitted); see also Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) (holding prisoners' challenges to parole eligibility rules were properly brought under Section 1983 because success "at most will speed *consideration* of a new parole application" (emphasis in original)).

## B. Analysis

Here, Petitioner challenges the continued delay of his early parole review hearing before the Board of Parole Hearings ("BPH") to which he claims entitlement pursuant to Proposition 57. Dkt. 1. Petitioner alleges he was given documents indicating he had been scheduled for a parole hearing on July 26, 2019 but was later informed the hearing was postponed "due to unavailability of staff." Id. at 9-10. Petitioner argues due process entitles him to a parole hearing. Id. at 11.

Success on the Petition, however, would "not necessarily spell speedier release." Rather, at most, Petitioner would receive the early parole review under Proposition 57 that was previously postponed. Following such early parole review, the BPH would still have the authority to deny Petitioner's request for release on parole on the basis of any of the grounds presently available to it in evaluating such a request. See Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (holding prisoners' claim they had been wrongfully classified as sex offenders for purposes of parole eligibility was properly brought under Section 1983 because the only benefit from prevailing would be "a ticket to get in the door of the parole board"); see also In re McGhee, 34 Cal. App. 5th 902, 246 Cal. Rptr. 3d 834 (Ct. App. 2019), as modified (May 16, 2019) (noting a parole board operating under the mandate of Proposition 57 conducts a "parole consideration hearing" in which "it reviews all relevant, reliable information available and first determines whether the inmate will pose an unreasonable risk of danger to society if released from prison").

Accordingly, Petitioner's claims would "not necessarily spell speedier release" and "do not lie at the core of habeas corpus." Skinner, 562 U.S. at 535 n.13. The claims in the Petition are, therefore, not cognizable on habeas review and must be brought, if at all, under Section 1983. Martinez v. Asuncion, No. EDCV 18-2529-ODW (KS), 2019 WL 5580969, at *4 (C.D. Cal. Sept. 18, 2019), report and recommendation adopted, 2019 WL 5579537 (C.D. Cal. Oct. 28, 2019)

(finding petitioner's claim challenging his ineligibility for parole review under Proposition 57 was not cognizable on habeas corpus).

## III.
## ORDER

Thus, the Court **ORDERS** Petitioner to respond within **twenty-one (21) days** of the date of this Order by electing one of the following options:

1. File a written response explaining why Petitioner's claims are cognizable on habeas review. If Petitioner contends his claims are cognizable on habeas review, Petitioner must explain and attach any supporting documents.

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to respond within **twenty-one (21) days** of the date of this Order, the Court will dismiss this action with prejudice for failure to state a cognizable habeas claim and/or failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**